# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02296-BNB

ORLANDO S. ROSADO,

    Applicant,

v.

COLORADO STATE,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 8 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Orlando S. Rosado, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Delta Correctional Center in Delta, Colorado. He initiated this action by filing a letter and a document titled "Appeal of the Decision of the Motion to Correct Sentence" with the Court on September 13, 2010.

In an order filed on September 20, 2010, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and ordered Mr. Rosado to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Rosado was directed to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-approved form. Mr. Rosado was also directed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form and a certified copy of his prisoner's trust fund statement. He was informed that the § 1915 motion and affidavit was only necessary if the $5.00 filing fee was not paid in advance. The September 20 order warned Mr. Rosado that if he failed to

cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

On October 12, 2010, Mr. Rosado filed a letter requesting that the Court stay the proceedings while he returns to state court to exhaust his claims. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 277. However, "stay and abeyance should be available only in limited circumstances." *Id*. Pursuant to *Rhines*, Mr. Rosado's motion to stay this action may be granted only if: (1) he has good cause for his failure to exhaust his claims first in state court; (2) the unexhausted claims potentially are meritorious; and (3) there is no indication that he has engaged in intentionally dilatory litigation tactics. *Id*. at 278. Mr. Rosado fails to demonstrate that a stay is appropriate in this case because he does not address any of the factors set forth in *Rhines*. Accordingly, the motion to stay will be denied. Mr. Rosado is further instructed that he is subject to the one-year tolling requirement under 28 U.S.C. § 2244(d). He also should take note that the time the instant action was pending in this Court does not toll the time under § 2244(d).

Mr. Rosado has now failed to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved forms. Therefore, Mr. Rosado has failed within the time allowed to cure the designated deficiencies. Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Orlando S. Rosado, to comply with the order to cure dated September 20, 2010. It is

FURTHER ORDERED that Applicant's Motion to Stay filed on October 12, 2010 (Doc. # 4) is DENIED.

DATED at Denver, Colorado, this 27th day of October, 2010.

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02296-BNB

Orlando S. Rosado
Prisoner No. 58826
Delta Corr. Center
4102 Sawmill Mesa Rd.
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/28/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk